# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

**JARED CHRISTIAN WHITE,**

    **Plaintiff,**

vs.                                        **CIVIL ACTION NO. 1:17-CV-04617**

**WEST VIRGINIA DEPARTMENT**
**OF TRANSPORTATION,**

    **Defendant.**

## MEMORANDUM OPINION

This case concerns an employment discrimination action wherein Plaintiff alleges that in addition to harassment and retaliation, Defendant violated his constitutional rights because of his age. Both parties have consented in writing to a decision by the United States Magistrate Judge. (ECF Nos. 28 and 30)

Pending before the Court is Defendant's ***Motion to Dismiss***, filed on April 23, 2018. (ECF No. 17) This Court issued Plaintiff a Roseboro[1] notice to Plaintiff directing him to file his response to the ***Motion***. (ECF No. 19) On May 16, 2018, counsel for Plaintiff filed her notice of appearance and subsequently requested an extension of time in order to respond to Defendant's ***Motion***. (ECF Nos. 20 and 22, respectively) After having been permitted an extension of time, Plaintiff, by counsel, filed his ***Response in Opposition to Defendant's Motion to Dismiss***. (ECF No. 26) Thereafter, Defendant filed its ***Reply***. (ECF No. 27) Accordingly, this matter is fully briefed and ripe for decision.

---

[1] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975); because Plaintiff was acting *pro se* at that time, the Court issued an Order notifying Plaintiff of his right to file a response to the ***Motion*** by May 23, 2018 and further ordered that Plaintiff file any response with the Clerk of this Court. (ECF No. 19)

**Factual Allegations**

Plaintiff asserts that during his employment with Defendant, he was harassed and discriminated against from March 2015 through November 2016. (ECF No. 2) Plaintiff claims that he had been repeatedly passed over for promotions or increases in pay and relocated to another pooling station further away from his residence on account that he filed grievances against his employer. (Id.) He was also suspended without pay for reasons he believes were unwarranted. (Id.) Plaintiff has been employed by Defendant since August 2013, however, despite his experience and being forty-three years of age, he alleges that he has been discriminated against because younger co-workers have been given "more prestigious positions" despite the younger employees having less qualifications for those positions. (ECF No. 5) Other times, Plaintiff was reassigned to other positions and had supervisors who were younger and less qualified than Plaintiff; previously, Plaintiff applied for those same supervisor positions but was denied. (Id.) Plaintiff also states that despite Defendant's own policies, he was relocated to a pooling station much further from his residence, and unlike his younger counterparts, does not receive the extra travel time in his hourly pay with overtime. (Id.)

Plaintiff prays that "[t]he main relief I seek is for the harassment and retaliation by my employer to stop." (ECF No. 2) In addition, Plaintiff asks that the negative information placed in his personnel file be eliminated. Plaintiff also asks for financial compensation for his loss of mileage since October 2015 when his pooling station location changed, his travel time due to the change in pooling station, the wear and tear on his personal vehicle, his lost pay due to his suspension, his personal time expended from filing grievances and complaints, the loss of his

professional reputation, and the "constant stress of hostile work environment." (Id.) In total, Plaintiff's request for special damages is $182,504. (Id.)

### Defendant's Argument for Dismissal

Defendant succinctly argues that Plaintiff's Complaint(s) must be dismissed with prejudice because as a State entity, Defendant is entitled to immunity under the Eleventh Amendment of the U.S. Constitution. (ECF No. 18) Because Defendant did not consent to being sued, and Plaintiff is requesting monetary compensation as relief, this Section 1983 claim cannot proceed against this Defendant. (Id.)

In response, Plaintiff contends that in addition to monetary relief, he is requesting injunctive relief. (ECF No. 26) Because Plaintiff has requested various forms of injunctive relief, this falls under an exception to Eleventh Amendment immunity, therefore, Defendant's consent to suit is immaterial. (Id.) Plaintiff asks that Defendant's ***Motion to Dismiss*** be denied. (Id.)

In reply, Defendant reasserts that it still enjoys Eleventh Amendment immunity and points out that Plaintiff seeks monetary relief which mandates dismissal of his Complaint. (ECF No. 27) Defendant states that although the Eleventh Amendment permits suits for prospective injunctive relief, nevertheless, absent a dismissal of Plaintiff's claim for monetary damages, Defendant remains entitled to immunity. (Id.) Therefore, to that extent, Plaintiff has failed to state a claim for which relief can be granted and this action must be dismissed. (Id.)

### Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v.

Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, a Rule 12(b)(6) motion tests the legal sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999).

"The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." Haley v. Virginia Dept. of Health, Case No. 4:12–cv–0016, 2012 WL 5494306, at *2 n.2 (W.D.Va. Nov. 13, 2012) (citing Andrews v. Daw, 201 F.3d 521, 525, n.2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." Id.; See also Johnson v. North Carolina, 2012 WL 5024039, at *4 (W.D.N.C. Oct.17, 2012) (collecting cases). Whether Eleventh Amendment immunity should be evaluated under Rule 12(b)(1) or 12(b)(6) is a distinction without a difference in this case given that the undersigned has relied solely on the pleadings in resolving

the issue, having construed them in the light most favorable to Plaintiff. Beckham v. Nat'l. R.R. Passenger Corp., 569 F.Supp.2d 542, 547 (D.Md.2008).

## Discussion

As an initial matter, Plaintiff's claim against Defendant is for Eleventh Amendment purposes, properly considered one against the State itself. See, Westinghouse Elec. Corp. v. West Virginia Dept. of Highways, 845 F.2d 468 (4th Cir. 1988). The Supreme Court has consistently held that pursuant to the Eleventh Amendment, absent waiver, a State is not subject to suit in federal court. Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Duhne v. New Jersey, 251 U.S. 311, 40 S.Ct. 154, 64 L.Ed. 280 (1920); Great Northern Life Insurance Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); Parden v. Terminal R. Co., 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964); Employees v. Department of Public Health and Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). There is no evidence that Defendant has waived immunity or consented to suit; indeed, Defendant unequivocally denies that it gave consent to suit. (ECF Nos. 18, 27)

Immunity also extends to State agencies "when the action is in essence one for the recovery of money from the state." See Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945); see also, Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993). Additionally, the Supreme Court has held that States and their agencies are not "persons" under 42 U.S.C. § 1983 and are therefore not subject to federal civil rights claims under the statute. Will v. Michigan Dept. of State Police, 491 U.S. 58, 65, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); see also, McDaniel v. Maryland Department of

Transportation, et al., 2010 WL 3260007, at *3 (D. Md. Aug. 18, 2010). Moreover, the West Virginia Constitution contains no provision subjecting the State to suit in federal court: "[t]he State of West Virginia shall never be made defendant in any court of law or equity[.]" W. Va. Const. art. VI, § 35.

The Supreme Court has long recognized that the Eleventh Amendment is not a bar to suits seeking prospective injunctive relief against state officials acting in violation of federal law, however, such relief "does not extend so far as to permit a suit which seeks the award of an accrued monetary liability which must be met from the general revenues of a State[.]" See, Edelman v. Jordan, 415 U.S. 651, 664, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974) (citing Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Here, Plaintiff has sued the West Virginia Department of Transportation, not an official, and because Plaintiff seeks both injunctive relief as well as monetary damages, his suit nevertheless, is "in essence one for the recovery of money from the state", therefore, his claim is barred. See Ford Motor Co., 323 U.S. at 464, 65 S.Ct. at 350; See, e.g., Chafin v. Western Regional Jail, 2013 WL 3716673, at *5 (S.D.W. Va. July 12, 2013).

## Ruling

Accordingly, based on the aforementioned legal authority, the Court **FINDS** it has no jurisdiction to entertain Plaintiff's claims. Defendant's ***Motion to Dismiss*** (ECF No. 17) is **GRANTED**, and this matter is hereby **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Order to all counsel of record.

ENTER: August 6, 2018.

_Omar J. Aboulhosn_
Omar J. Aboulhosn
United States Magistrate Judge